UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALBERT C. MAY, *et al.*, | Case No. 08-13186 |
| Plaintiffs, | Paul D. Borman<br>United States District Judge |
| vs. | |
| CITY OF DETROIT, *et al.*, | Michael Hluchaniuk<br>United States Magistrate Judge |
| Defendants. | |

_____/

**ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL DEPOSITION OF
CONFIDENTIAL INFORMANT # 2149 (Dkt. 28)**

Plaintiffs seek to depose a confidential informant, currently identified only as Informant # 2149, who had provided information to defendants relating to the obtaining of a search warrant for the search of plaintiffs' residence on February 27, 2008. Defendants have declined to agree to the deposition asserting the privilege that law enforcement entities possess regarding the disclosure of the identities of confidential informants. A hearing on plaintiffs' motion was held by the undersigned on January 5, 2010, pursuant to an order of reference by District Judge Paul D. Borman. (Dkt. 29).

Law enforcement entities indeed have a privilege that normally allows them to decline to identify a confidential informant. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "The purpose of that privilege is the furtherance and protection of

1

the public interest in effective law enforcement [however a] limitation on the application of the privilege arises from the fundamental requirements of fairness. Where disclosure of an informer's identity ... is relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause, the privilege must give way. *Id*. at 59-61. "The determination of whether a confidential informant's identity is 'essential' is a question of law for the trial judge, and must be determined by balancing the need of the plaintiff for the information with the defendant's interest in non-disclosure." *Id*. at 62.

Based on the pleadings of the parties and the arguments of counsel during the hearing on January 5, 2010, the undersigned concludes that obtaining information from Informant # 2149 is essential to plaintiffs' case. The gravamen of plaintiffs' case relates to the search warrant executed at plaintiffs' residence and Informant # 2149 was a central figure in obtaining that search warrant because the information provided by Informant # 2149 was the only nexus to the residence.

In an attempt to balance the need of the plaintiffs for relevant information with the defendants' interest in non-disclosure of the identity of Informant # 2149, plaintiffs' motion is granted, in part, as follows:

    A.    Defendants will produce Informant # 2149 for a deposition to be taken by plaintiffs' counsel at a time and place chosen by defendants so that public exposure of Informant # 2149 will be minimized;

B. Plaintiffs will not be allowed to be present during the deposition and plaintiffs' counsel will not be allowed to communicate any information gained from the deposition to plaintiffs for the purpose of seeking to identify Informant # 2149;

C. If Informant # 2149 is produced by defendants for this deposition, the true name of Informant # 2149 will not have to be given but defendants' counsel will ensure that the person produced is the Informant # 2149 as described in the affidavit for the search warrant of plaintiffs' residence on February 27, 2008.

D. The deposition may be used for any purpose allowed by Rule 32 at a trial in this matter regardless of the availability of Informant # 2149 at the time of trial.

E. Prior to the deposition defendant must provide plaintiff's counsel with (1) a statement of Informant # 2149's criminal history disclosing any convictions admissible under Federal Rule of Evidence 609, (2) a statement of any consideration (including monetary consideration as well as any reduction or forgoing of criminal charges) provided to Informant # 2149 for providing information in this matter as well as any other matter arising within the two year period prior to February 27, 2008, and (3) a statement of any other search warrants (that are not

3

currently sealed pursuant to court order) obtained based, in whole or in part, on information provided by Informant # 2149 within the two year period prior to February 27, 2008. Such information may be redacted so that identifying information is removed from any documents provided to plaintiffs' counsel.

F. The deposition must be conducted no later than March 5, 2010.

G. In the event defendants are not able, through the exercise of due diligence, to locate Informant # 2149 prior to March 5, 2010, then defendants are directed to provide plaintiffs' counsel with the true name of Informant # 2149 and whatever additional information in defendant's possession relating to the identity and location of Informant # 2149.

H. If plaintiffs' counsel is provided with the information indicated in Paragraph G, then it will be plaintiffs' responsibility to locate Informant # 2149 and schedule a deposition. Any deposition conducted under these circumstances must be concluded within 30 days of the disclosure to plaintiffs' counsel of the information indicated in Paragraph G, but no later than April 5, 2010. The information identified in Paragraph E must be provided to plaintiffs' counsel regardless of whether defendants are able to locate Informant

# 2149.

I.    The discovery deadlines previously set in this matter will be extended to accommodate the discovery indicated in this order and only for the reasons stated in this order except that defendants' counsel will be allowed to take the deposition of plaintiff "J.A.," a minor child, as long as the deposition is completed prior to March 5, 2010.

K.    The dispositive motion cut-off date will be re-set by Judge Borman as will any other scheduling matter affected by this order.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate.

Date: January 5, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      I certify that on January 5, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Paul M. Hughes and Sharon D. Blackmon.

                                         s/Tammy Hallwood
                                         Case Manager
                                         U.S. District Court
                                         600 Church Street
                                         Flint, MI 48502
                                         (810) 341-7887
                                         tammy_hallwood@mied.uscourts.gov