UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT C. MAY, *et al.*,

    Plaintiffs,

Case No. 08-13186

v.

Paul D. Borman
United States District Judge

CITY OF DETROIT, *et al.*,

    Defendants.

Michael Hluchaniuk
United States Magistrate Judge

_____/

OPINION AND ORDER
(1) GRANTING IN PART, DENYING IN PART DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF CONFIDENTIAL INFORMANT # 2149 (DKT. NO. 34);
(2) AFFIRMING IN PART AND OVERRULING IN PART THE MAGISTRATE JUDGE'S ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF CONFIDENTIAL INFORMANT
# 2149 (DKT. NO. 34)

Before the Court are Defendant City of Detroit's Objections to the Magistrate Judge's January 5, 2010 Order Granting in Part Plaintiff's Motion to Compel Deposition of Confidential Informant # 2149 (Dkt. No. 34). On March 4, 2010, Plaintiffs filed a response to Defendant's Objections. (Dkt. No. 35). For the following reasons, the Court GRANTS IN PART AND DENIES IN PART Defendant's Objections and AFFIRMS IN PART AND OVERRULES IN PART the Magistrate Judge's Order.

**A.     BACKGROUND**

Plaintiffs filed this 42 U.S.C. § 1983 Complaint against the City of Detroit and several

1

Detroit Police officers alleging a violation of Fourth Amendment rights in connection with a search of their home on February 27, 2008. In essence, Plaintiffs claim that their house was misidentified as the target of a raid and that the search warrant which authorized the raid was not based on probable cause, in specific they challenge the reliability of Informant # 2149 who provided information in support of the warrant. Plaintiffs now seek to depose Informant # 2149, who provided information in support of that warrant. Defendants object to producing Informant # 2149 on the grounds that to do so will endanger Informant # 2149's life and curtail the flow of information to the government and that the testimony of Informant # 2149 is not essential to Plaintiffs' case.

On February 25, 2008 Detroit Police Officer Jason Kleinsorge met with Informant # 2149 and set up a controlled drug buy at 18966 Joann Street in Detroit. (Defs.'s Resp. to Pls.'s Mot. to Compel Dep., Dkt. No. 31, Ex. 1, Kleinsorge Dep. 18.) Prior to sending Informant # 2149 on the mission, Officer Kleinsorge searched the informant for "money, narcotics and weapons" and none were found. (*Id*. Ex. 2, Kleinsorge Aff. ¶ 2.) Informant # 2149 was then given money with instructions to attempt a purchase of narcotics from 18966 Joann. Kleinsorge then observed Informant # 2149 go directly to 18966 Joann and return a moment later with an amount of cocaine which the Informant stated was obtained from a certain seller at the home. Informant # 2149 was then searched again and released. (*Id. ¶* 2.) The substance was tested and determined to be a controlled substance. Based upon the past reliability of Informant # 2149 and the perceived events of February 25, 2008, Officer Kleinsorge determined that there was probable cause to believe that narcotics would be found at 18966 Joann. (*Id*. ¶¶ 3-5.) Consequently, a search warrant was issued. (Defs.'s Resp. Ex. 4.)

Plaintiffs argue that the raid on 18966 Joann which ensued based upon this search warrant

yielded nothing and that a raid a few weeks later on the house next door was very productive. (Pl.s's Mot. to Compel, 4.) They argue that the warrant for the search of their home was obtained through the gross negligence of the Defendants and insist that deposing Informant # 2149 is essential to their case. Defendants reply that the testimony of Informant # 2149 is not essential to Plaintiffs' case because Officer Kleinsorge has testified that he personally observed the Informant's purchase of drugs from the home at 18966 Joann on February 25, 2008 and that he personally searched the Informant before he entered the home and after he returned. Therefore, Defendants argue, the testimony of Informant # 2149 is not essential to Plaintiff's case.

Magistrate Judge Hluchaniuk held a hearing on January 5, 2010 and concluded that "obtaining information from Informant # 2149 is essential to plaintiffs' case." (Dkt. No. 33, Order, 2.) The Magistrate Judge reasoned as follows: "The gravamen of plaintiffs' case relates to the search warrant executed at plaintiffs' residence and Informant #2149 was a central figure in obtaining that search warrant because information provided by Informant # 2149 was the only nexus to the residence." (*Id*.) The Magistrate Judge imposed certain conditions on taking the deposition, including: (1) allowing Defendants to choose the time and place of the deposition to minimize public exposure; (2) prohibiting Plaintiffs from attending the deposition and prohibiting Plaintiffs' counsel from communicating any information gained from the deposition to plaintiffs for purposes of seeking to identify the confidential informant; and (3) prohibiting the name of the confidential informant from being disclosed on the condition that Defendants counsel ensure that the person produced is in fact the confidential informant as described in the search warrant for plaintiffs' residence. Only if Defendants are unable to locate Informant # 2149 for the deposition are Defendants required to provide plaintiffs' counsel with the true identity of Informant # 2149.

3

Additionally, the Magistrate Judge required Defendants to provide Plaintiffs' counsel with (1) Informant # 2149's criminal history; (2) a statement of any consideration provided to Informant # 2149 in connection with this matter and or in connection with any other matter arising within a two year period prior to February 27, 2008; and (3) a statement of any other search warrants that may have been based, in whole or in part, on information received from Informant # 2149 for a two year period prior to February 27, 2008.

## II. STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir.1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich.2001) (explaining the standard under Rule 72(a)).

This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The Sixth Circuit has noted that: "[t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing

4

court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard.... Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc*., 162 F.R.D. 289, 291 (W.D.Mich.1995)(citing *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D.Ohio 1992)).

### III. ANALYSIS

Defendants argue that the testimony of Informant # 2149 is not essential to Plaintiffs' case because Informant # 2149 is not the only percipient witness to the critical events in the case. Defendants state that officer Kleinsorge testified that he searched Informant # 2149 before he approached 18966 Joann and personally observed Informant # 2149 enter and return from 18966 Joann with the controlled substance. Plaintiffs argue that "the testimony of informant # 2149 is necessary to determine the credibility of Officer Kleinsorge and the accuracy of his observations on the day of the search." (Pls.s' Resp. to Defs.'s Objections, 2.) Defendants insist that disclosure of the identity of Informant # 2149 would endanger the life of the informant and would curtail the flow of information to the government.

The Court concludes that the Magistrate Judge's Order, which strikes a balance between Plaintiffs' need for relevant information with the Defendants' interest in non-disclosure, is not clearly erroneous or contrary law. The Magistrate Judge's Order only requires Defendants to divulge the identity of Informant # 2149 in the event that Defendants cannot produce the informant

5

for a deposition under the conditions set forth in the Order, which the Court concludes adequately balance the needs of both parties. Pursuant to the Order, Plaintiffs will be able to question Informant # 2149, whose true identity will never be disclosed, and Plaintiffs' counsel is prohibited from disclosing any information gained in the deposition that could be used to identify Informant # 2149. The Court interprets the Magistrate Judge's Order to require that the physical identity of Informant # 2149 will be protected during the course of the deposition.

The Court further concludes that the Magistrate Judge's Order requiring Plaintiffs to produce Informant # 2149's criminal history, and to provide a statement of any consideration received for this and other information provided in connection with other matters in the two years preceding February 27, 2009, is not clearly erroneous or contrary to law. Defendants do not explain how providing this information will enable Plaintiffs' to identify Informant # 2149. The Court denies the Magistrate Judge's Order that the Defendants produce a statement of any other search warrants obtained in whole or in part based on information provided by Informant # 2149 as this would permit Plaintiffs to interpolate the identity of the informant by "zoning in" on his neighborhood and acquaintances, thereby placing him/her in grave danger.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Defendants' Objections to the Magistrate Judge's Order (Dkt. No. 34) and AFFIRMS IN PART AND OVERRULES IN PART the Magistrate Judge's January 5, 2010 Order Granting in Part Plaintiff's Motion to Compel Deposition of Confidential Informant # 2149 (Dkt. No. 33).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 5, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 5, 2010.

s/Denise Goodine
Case Manager